UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JACOB BUCKMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:23-CV-390-CHB |
| ) | |
| v. ) | |
| ) | **ORDER ADOPTING** |
| HEARTLAND CREDIT ) | **MAGISTRATE JUDGE'S** |
| CORPORATION, et al. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on United States Magistrate Judge Colin H. Lindsay's Report and Recommendation, [R. 38]. The recommended disposition addresses Plaintiff Jacob Buckman's Motion for Default Judgment against Defendant Auto Venture, Inc., [R. 29]. After Plaintiff filed a supplemental brief and affidavit in support of his motion, [R. 32; R. 32-1], the Magistrate Judge conducted an evidentiary hearing, during which Plaintiff made an oral motion to amend his Motion for Default Judgment. *See* [R. 35]. The Magistrate Judge granted that motion and took the amended Motion for Default Judgment, [R. 29], under advisement. He now recommends granting the motion and entering a judgment against Defendant Auto Venture, Inc. in the amount of $500.00. [R. 38, p. 5].

In his Report and Recommendation, Magistrate Judge Lindsay detailed the facts supporting entry of a default judgment under Federal Rule of Civil Procedure 55, which "allows the Court to enter a default judgment against a defendant that has failed to plead or otherwise defend in a case." *See id.* at 3 (citing Fed. R. Civ. P. 55(b)). Magistrate Judge Lindsay found that Plaintiff was "entitled to a judgment as to [Auto Venture, Inc.'s] liability because the latter ignored this lawsuit after properly being served with process." *Id.* However, the Magistrate Judge

also acknowledged that it was still necessary to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* at 3–4 (quoting *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)) (internal quotation marks omitted).

Having conducted such an inquiry, Magistrate Judge Lindsay recommended that Plaintiff receive the requested default judgment, as amended at the evidentiary hearing, and that he be awarded $500.00 in statutory damages. *Id.* at 4.

The Report and Recommendation advised the parties that any objections must be filed within fourteen days. *Id.* at 5. The time to file objections has passed, and neither party has filed any objections to the Report and Recommendation nor sought an extension of time to do so.

Generally, this Court must make a de novo determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." See *Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a Magistrate Judge's recommended disposition are also barred from appealing a district court's order adopting that recommended disposition. *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation. Accordingly, the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [**R. 38**] is **ADOPTED** as the opinion of this Court.

2. Plaintiff's amended Motion for Default Judgment, [**R. 29**], is **GRANTED**.

3. Plaintiff is **AWARDED** $500.00 in damages.

4. All other claims having been resolved in this case, *see* [R. 16]; [R. 28], [R. 37], this matter is **DISMISSED WITH PREJUDICE** as to all defendants, all dates and deadlines are hereby **VACATED**, and this matter is **STRICKEN** from the Court's active docket.

5. A separate judgment will follow.

This the 17th day of July, 2024.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY